UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELISHA MERRITT,

        Petitioner,

-v-                                  10-CV-0958Sr

                                        **ORDER**

JAMES BERBARY,

        Respondent.

---

        Petitioner Elijah Merritt, acting *pro se*, an inmate of the Collins Correctional Facility Correctional Facility, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his conviction in County Court, Chemung County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. Upon initial review of the petition, it appeared that petitioner had asserted at least one claim/ground for relief that admittedly had not been exhausted--ineffective assistance of appellate counsel (Docket No. 1, Petition, ¶ 22, Ground Three, and ¶ 23). The Court, therefore, directed petitioner to file a § 2254 Exhaustion Response Form and advise the Court how he wished to proceed in light of the "mixed petition" and the assertion of at least one claim that appeared to be unexhausted. (Docket No. 2, Decision and Order.) Petitioner filed the § 2254 Exhaustion Response Form and elected to file an amended petition which, as claimed, raised only those grounds for which state court remedies had been exhausted, thereby withdrawing from the Court's consideration the ineffective assistance of appellate counsel claim.

(Docket No. 3, Option One, at 1.) Petitioner had been informed that "the effect of such withdrawal may be that [he] will not be permitted to raise the withdrawn ground[] in a second or successive habeas petition, see 28 U.S.C. § 2254." (Docket No. 2, Decision and Order, at 2; Docket No. 3, § 2254 Exhaustion Response Form, Option One, at 1-2.)

Petitioner also attached a copy of a proposed amended petition, as directed, to the § 2254 Exhaustion Response Form, which removed the ineffective assistance of appellate counsel claim pled in the original petition and added an additional claim--his plea of guilty was not knowing and intelligent (Proposed Amended Petition, ¶ 22, Ground Six at 8). He claims to have raised this claim in a motion he filed in the trial court pursuant N.Y.Crim.Proc.L., § 440.20. (Docket No. 3, Proposed Amended Complaint, ¶ 15.)[1] Accordingly,

IT HEREBY IS ORDERED as follows:

1. The Clerk of the Court is directed to detach the proposed amended petition from the § 2254 Exhaustion Response Form (Docket No. 3) and docket it separately as the Amended Petition.

2. Respondent shall file and serve an **answer** to the amended petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **April 12, 2011**. Further, the answer shall state whether a

---

[1] The Court, at this time, makes no determination if any or all of the claims raised in the proposed amended petitioner are exhausted and, if not, whether they may be procedurally barred.

trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the amended petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in County Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the amended petition, accompanied by appropriate exhibits which demonstrate that an answer to the amended petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3. The Clerk of Court shall serve a copy of the amended petition, together with a copy of this order, by certified mail, upon respondent Superintendent of Collins Correctional Facility Correctional Facility and upon Office of the Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332. To advise appropriate Chemung County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Chemung County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

**SO ORDERED.**

S/ MICHAEL A. TELESCA
MICHAEL A. TELESCA
United States District Judge

Dated: February 23, 2011
       Rochester, New York